UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jesus T., | Civ. No. 26-453 (PAM/DJF) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Jesus T.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Jesus T. is a citizen of Ecuador. (Id. ¶ 7, 12.) He entered the United States without inspection on December 1, 2024, in Eagle Pass, Texas. (Id. ¶ 12; Decl. of Sarah Hogfoss ("Hogfoss Decl.") (Docket No. 6) ¶ 3, Ex. A.) United States Border Patrol apprehended him and processed him for expedited removal. (Hogfoss Decl. Ex. A at 2.) On December 6, 2024, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal, which canceled his expedited removal proceedings. (Id.) The record does not support that his application has been approved. On December 13, 2024,

the Department of Homeland Security ("DHS") issued Petitioner a Form I-862, Notice to Appear. (Hogfoss Decl. ¶ 3, Ex. B.) On December 14, 2025, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") apprehended Petitioner, and he remains in ICE custody. (Id. Ex. A; Pet. ¶¶ 1, 7.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the facts are clear that he did not lawfully enter the United States, i.e., an immigration officer did not inspect him and authorize his entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner contends that because ICE apprehended him in Minneapolis, Minnesota, rather than at the country's border, he is not "seeking admission," and thus he is not subject to § 1225(b)(2)(A)'s requirements. Indeed, many courts agree with Petitioner. However, the Court determines that the growing minority of district courts to reject Petitioner's argument are correct. See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); de Leon Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4. The text of § 1225(b)(2)(A) is clear that a noncitizen who is an "applicant for admission" is necessarily "seeking admission." See Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142

3

(D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). Petitioner fails to provide evidence that he has been lawfully admitted to the United States. "Admission" means lawful entry into the United States, not merely any presence here. 8 U.S.C. § 1101(a)(13)(A). The statute's plain meaning prevails: Petitioner is an "applicant for admission" because he is present in this country and has not been admitted or granted any lawful status. Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention. Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

Moreover, Petitioner filed an application for asylum and ostensibly continues to pursue that status. "That application seeks to allow him to remain in this country—i.e., to be admitted." Coronado v. Sec'y, Dep't of Homeland Sec., No. 1:25-CV-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025). Even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil." Chen, 2025 WL 3484855, at *6. Indeed, were an applicant not seeking admission to the United States or other lawful status when confronted by an immigration officer, then he or she would voluntarily self-deport.

Finally, Petitioner contends that his arrest was unlawful because Respondents did not have a warrant, but "Section 1225(b) does not include a warrant or an arrest requirement." Melgar, 2025 WL 3496721, at *8. Petitioner's argument fails.

4

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 6, 2026                                         *s/ Paul A. Magnuson*
                                                                                        Paul A. Magnuson
                                                                                        United States District Court Judge